WILSON (FISCHER v.). See Case No. 4,-812.

---

## Case No. 17,803.

### WILSON v. FISHER.

[Baldw. 133.][1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

JURISDICTION OF FEDERAL COURTS—CITIZENSHIP—ASSIGNEE OF JUDGMENT.

A citizen of New York obtained a judgment against a citizen of Pennsylvania in a court of the state, which the plaintiff assigned to a citizen of Pennsylvania, whose executors assigned it to the complainant, an alien. Held, that he could sustain a bill in equity in this court, notwithstanding the intermediate assignment to a citizen of Pennsylvania.

[Approved in Milledollar v. Bell, Case No. 9,-549. Cited, contra, in Hampton v. Truckee Canal Co., 19 Fed. 4.]

William Brownjohn, a citizen of New York, had obtained a judgment against Charles Hurst, a citizen of Pennsylvania, in the supreme court of this state. This judgment was assigned to William Hurst, a citizen of New York, in trust for himself and his broth-

ers and sisters, citizens of Pennsylvania. Under this assignment J. H. Hurst, a citizen of Pennsylvania, became entitled to two-thirds of this judgment. After his death his executors, also citizens of Pennsylvania, assigned the interest of J. H. Hurst to the complainants, who are aliens. Myers Fisher, also a citizen of Pennsylvania, claimed a part of this judgment, by an assignment from J. H. Hurst, and received some part of the money arising therefrom. His executors, the defendants, are also citizens of Pennsylvania. The prayer of the bill is for an account of moneys received under the judgment of Brownjohn. The only question raised on the pleadings was, whether the complainants could sue in this court.

Mr. Price, for defendants, contended, that inasmuch as both parties claimed under J. H. Hurst, a citizen of Pennsylvania, and the defendants were citizens of the same state, the case came within the proviso to the eleventh section of the judiciary act, which prohibits suits in this court by assignees, in cases where the party originally entitled to a note or chose in action could not sustain a suit. 1 Story's Laws, 57 [1 Stat. 78]; Sere v. Pilot, 6 Cranch [10 U. S.] 334. The complainant represents J. H. Hurst, not Mr. Brownjohn, the plaintiff in the judgment; he had parted with all his interest in the judgment, and so far as citizens of Pennsylvania become entitled to the proceeds, the privilege of suing in this court was extinguished for ever, by being suspended for a time. The judgment is a chose in action, within the meaning of the law, and comes within the proviso.

Mr. Rawle, Sen., for complainant, without inquiring whether a judgment was a chose in action, contended, that it was sufficient to give jurisdiction that the judgment was originally due to a citizen of New York, who was competent to sue in this court, by an action of debt to enforce its payment, or by a bill in equity in a case growing out of it. It is immaterial through whose hands it may have passed by assignment; if the right to the debt is transferred to an alien, or a citizen of another state, he may sue here, not as representing his immediate assignor, but the plaintiff in the judgment. The cases of Turner v. Bank of North America, 4 Dall. [4 U. S.] 8, and Mantelet v. Murray, 4 Cranch [8 U. S.] 46, could not be sustained, because it did not appear on the record that the original payees of the notes were aliens or citizens of a different state from that in which the defendant resided. But that objection does not apply here, as the bill avers Brownjohn to have been a citizen of New York at the rendition of the judgment. The act of congress refers to the capacity of the party to whom the debt was originally due, to sue in the federal courts, his right passes to the last assignee, who, if he is an alien or a citizen of another state, has the same right to sue here, as if he was the plaintiff in the

judgment. If the assignment is colourable merely, to give jurisdiction to the court, the court will not sustain the suit. But if made bona fide, and any interest passes to the assignees, and the assignment is real and not fictitious, the court will take cognisance of the case.' M'Arthur v. Smalley, 1 Pet. [26 U. S.] 623, 625. Full effect is given to the proviso in the act of congress if the assignee is in the same situation as the party originally entitled to the debt; it would be straining the law beyond its obvious meaning, to put him in a worse. Here the complainant being an alien, the defendants citizens of Pennsylvania, he comes within the enabling part of the law; and as a suit might have been prosecuted in this court, if no assignment of the judgment had been made, he does not come even within the letter of the proviso. As the judgment merged the cause of action on which it was obtained, the court will require no averment of its nature, or to whom the debt was originally payable.

HOPKINSON, District Judge. The bill, in this case, is filed by John Wilson and Israel Wilson, aliens, against Redwood Fisher and others, executors of Miers Fisher deceased, and sets forth: "That on the 2d of July, 1787. Mary Brownjohn, Gabriel W. Ludlow and others, executors of William Brownjohn deceased, all citizens of the state of New York, obtained a judgment in the supreme court of Pennsylvania, against Charles Hurst, a citizen of the state of Pennsylvania, for the sum of 6175 pounds 12 shillings and 11 pence, money of Pennsylvania; part of which has been levied and received by the plaintiffs out of the real estate of said Charles, and part thereof, to wit, 1715 dollars 83 cents hath been received by the defendants in this suit. That when this money was received by the defendants, the complainants were ignorant of the rights of Jonathan H. Hurst to a proportion of the said judgment. That on or about the 12th of May, 1796, the said judgment, by a decree of the chancellor of New York, was assigned by the said Gabriel W. Ludlow, the survivor of the said executors of William Brownjohn to William Hurst, then of the city of New York, in trust for himself, and for the said Jonathan H. Hurst. and others, his brothers and sisters. each being entitled to one-sixth part. Jonathan afterwards became entitled to two third parts of the said judgment, and died, leaving a will by which he appointed Edward Hurst and Alfred Hurst his executors; who, on the 24th of April, 1829, in consideration of 1500 dollars, assigned to the complainants the said two-thirds of the said judgment." To this bill the defendants have pleaded to the jurisdiction of this court, alleging that Jonathan H. Hurst was, at the time of his death, a citizen of Pennsylvania; that his said executors, at the time of the assignment made by them to the complainants, and at the time of the filing of this bill, and the institution

of this suit, were citizens of Pennsylvania. To this plea, the complainants have demurred, and for cause show, that the judgment set forth in their bill, two-thirds of which were assigned to them as set forth in their bill, was obtained by the parties, plaintiffs therein, as executors of William Brownjohn deceased, all citizens of the state of New York, against Charles Hurst, a citizen of Pennsylvania. The complainants in this bill are all aliens; the defendants are citizens of the state of Pennsylvania; and the record therefore presents parties who have an undoubted right to sue in this court, under the provisions of the eleventh section of the judiciary act of 1789 [1 Stat. 78], describing the persons who may sue in the federal courts. But the question arises under a clause in the latter part of that section, by which it is declared as follows: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note, or other chose in action, in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made."

We do not find it necessary to decide in this case whether a judgment is such a chose in action as to fall within this prohibition or restriction of our jurisdiction. The question now to be disposed of may be determined on other grounds. On the one part it is insisted, that as the present defendants are citizens of Pennsylvania, and both J. H. Hurst and his executors, by virtue of whose assignment the complainants have derived the right now prosecuted, were also citizens of Pennsylvania, who therefore could not have prosecuted this suit against these defendants in this court, it is a case directly within the provision of the act of congress. On the part of the complainants it is answered, that although their right is derived immediately from J. H. Hurst, yet that he derived that right by an assignment from the executors, who were citizens of the state of New York, and had a clear right to prosecute their suit in this court; and the question is thus presented, whether the assignment mentioned in the act of congress has reference to that under which the plaintiff claims directly, or to that by which the right was divested out of the party originally entitled to it. The suit cannot be maintained here unless it might have been prosecuted here, if no assignment had been made; that is, as we understand it, if it had remained with the original parties to the transaction, contract or cause of action. The law does not declare that no assignee shall prosecute his suit in this court unless his assignor might have done so; but, unless a recovery of the right claimed might have been had in this court if no assignment of it had been made; and of course in every case in which a recovery might have been prosecuted in the courts of the United States if no assignment had been made, it may be so prosecuted after such assignment to a party competent to sue here.

The question now under consideration has received, as far as we can find, no direct adjudication; but the clause of the act of congress under which it arises has several times come under the notice of the courts. In the case of Sere v. Pilot, 6 Cranch [10 U. S.] 322, the question turned on a distinction set up between an assignment made by operation of law, and one by the act of the party, the plaintiff claiming by virtue of a general assignment of the effects of an insolvent. The chief justice states the objection to be, "that the suit was brought by the assignees of a chose in action, in a case where it could not have been prosecuted if no assignment had been made." The terms in which the objection is taken and stated, show a disposition to keep to the words of the law, and to oust the jurisdiction only in cases falling clearly, if not literally, within them. In Mantelet v. Murray, 4 Cranch [8 U. S.] 46, we come still nearer to the construction we have adopted. It is there said: "If it did not appear upon the record that the character of the original parties would support the prosecution, the objection is fatal." The court here seem to refer the question of jurisdiction to the character of the original parties to the contract, or chose in action, for the recovery of which the suit is prosecuted, without regarding any subsequent or intermediate holder, provided that the plaintiff himself is qualified to sue. The provisions of the act of congress are met if we have good parties on the record; and the right claimed to be recovered might have been prosecuted here if no assignment of it had been made. The parties to the contract, or chose in action, and the parties to the suit, are looked to by the act of congress; and we may suggest many doubts and difficulties that would arise if the character of the various persons through whose hands the chose in action might have passed are to be inquired into. So far as we may speculate upon the intention and policy of the legislature in making this enactment, they will be fully answered by this construction.

We are of opinion that the jurisdiction of this court is well maintained in this case; and that judgment on the demurrer be entered for the complainant.